UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **TAHRI A. SMITH**, | Case No. 2:25-CV-12424 |
| Petitioner, | Honorable Terrence G. Berg |
| vs. | **OPINION AND ORDER GRANTING MOTION TO DISMISS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*** |
| **JAMIE CORRIGAN**, | |
| Respondent. | |

Petitioner Tahri A. Smith, currently in the custody of the Michigan Department of Corrections, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Respondent moves to dismiss the petition as untimely. ECF No. 8. For the reasons set forth below, the Court **GRANTS** the motion to dismiss, **DECLINES** to issue a certificate of appealability, and **GRANTS** Smith leave to proceed *in forma pauperis* on appeal because an appeal may be taken in good faith. *See* Fed. R. App. P. 24(a).

## I.

Following a jury trial in Wayne County Circuit Court, Smith was convicted of first-degree murder, Mich. Comp. Laws § 750.316(1); assault with intent to commit murder, Mich. Comp. Laws § 750.83; first-degree

home invasion, Mich. Comp. Laws § 750.110; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. On August 27, 2013, he was sentenced to life imprisonment for the murder conviction, 25 to 50 years for assault with intent to commit murder, 10 to 20 years for home invasion, and two years for felony-firearm.

Smith's convictions were affirmed by the Michigan Court of Appeals. *People v. Smith*, No. 318383, 2015 WL 728461, at *1 (Mich. Ct. App. Feb. 19, 2015). The Michigan Supreme Court denied leave to appeal. *People v. Smith*, 498 Mich. 884 (Mich. Sept. 29, 2015).

On November 23, 2015, Smith filed a petition for writ of habeas corpus in this Court. Several months later, he moved to hold the petition in abeyance so he could return to state court to exhaust new claims. The Court denied the motion, concluding that the petition contained only exhausted claims and that the one-year limitations period was not at risk of expiring absent a stay. *Smith v. MacLaren*, No. 15-CV-14260, 2016 WL 5930532 (E.D. Mich. Oct. 12, 2016). In December 2017, the Court granted Smith's motion to voluntarily dismiss the petition and dismissed it without prejudice. *Smith v. MacLaren*, No. 15-cv-14260 (ECF No. 13).

On August 23, 2021, Smith filed a motion for relief from judgment in the trial court, and, on September 6, 2022, a supplemental motion. The trial court denied both motions. *See* 12/20/2022 Op. & Order Den. Mot. for Relief from J., *People v. Smith*, No. 13-004750 (Wayne Cnty. Cir. Ct.)

2

(ECF No. 9-14). The Michigan Court of Appeals denied leave to appeal. *People v. Smith*, No. 364914 (Mich. Ct. App. July 18, 2023). Smith then filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied the application, *People v. Smith*, 513 Mich. 1074 (Mich. 2024), and, on July 2, 2024, denied reconsideration. *People v. Smith*, 513 Mich. 1166 (Mich. 2024).

On August 20, 2024, Smith filed a motion for authorization to file a second or successive habeas corpus petition in the Sixth Circuit Court of Appeals. The Court of Appeals denied the motion as unnecessary because Smith's earlier motion had been dismissed without prejudice. *In re Tahri Smith*, No. 24-1719 (6th Cir. Jan. 27, 2025).

Smith then filed the pending petition for a writ of habeas corpus. ECF No. 1. Under the prison mailbox rule, the petition is deemed filed on the date it was signed, July 28, 2025. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). Respondent moves to dismiss the petition as untimely. ECF No. 8. Smith has filed a reply brief. ECF No. 10.

## II.

Respondent moves to dismiss the petition as barred by the one-year statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal application for the writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of the

3

following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Section 2244(d)(1)(A) provides the operative date for measuring the one-year limitations period in this case. Under that section, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Finally, under AEDPA, this limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

4

Smith's conviction became final on December 28, 2015, when the time for seeking a writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Ordinarily, the one-year limitations period would have begun to run the following day. But because Smith filed his first habeas petition on November 23, 2015—*before* his conviction became final—the limitations period did not begin to run until that petition was dismissed without prejudice on December 12, 2017. *See Smith v. MacLaren*, No. 4:15-cv-14260 (ECF No. 13). The limitations period therefore commenced on December 13, 2017, and expired one year later, on December 13, 2018.

Smith's later-filed motion for relief from judgment did not toll the limitations period. While a properly filed motion for state-court collateral review tolls the limitations period under § 2244(d)(2) if filed when the period is running, it does not restart a limitations period that already expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves to "pause" the clock, not restart it). Smith's motion was filed on August 23, 2021, more than two-and-a-half years after the limitations period expired on December 13, 2018. Therefore, it had no tolling effect.

If a petitioner fails to timely file a § 2254 petition, the petitioner may be entitled to equitable tolling upon a showing that he diligently pursued his rights but was prevented from timely filing by an

5

extraordinary circumstance. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Alternatively, untimeliness may be excused based on actual innocence if a petitioner "show[s] that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Smith does not argue that he is entitled to equitable tolling, nor does he present any new evidence showing his innocence. Instead, Smith argues that the Court has already determined that the petition was not subject to summary dismissal and that Respondent's motion is an improper attempt to relitigate this issue. This argument lacks merit.

Shortly after the petition was filed, the Court issued an order requiring a responsive pleading. ECF No. 6. The Order stated that the Court examined the petition and it was not subject to summary dismissal under Rule 4, Rules Governing Section 2254 cases. *Id.* That determination did not decide the timeliness issue. A court may *sua sponte* dismiss a habeas petition for untimeliness upon initial screening after giving the parties notice and an opportunity to be heard, *Day v. McDonough*, 547 U.S. 198, 210 (2006), but it is not required to do so. The Court may, instead, order a responsive pleading and decide the timeliness question when and if it is raised by the respondent. *See Plummer v. Warren*, 463 F. App'x 501, 505 (6th Cir. 2012). Further, a

merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007). Accordingly, the Court's earlier Rule 4 determination does not preclude dismissal on timeliness grounds.

For these reasons, the petition for a writ of habeas corpus is untimely and Respondent's motion to dismiss will be **GRANTED**.

## III.

Under 28 U.S.C. § 2253(c)(1)(A), a prisoner may not appeal the denial of habeas relief without first obtaining a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court must either grant or deny a certificate of appealability when it enters a final order adverse to the petitioner. Rules Governing § 2254 Cases, Rule 11(a).

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should be issued if the petitioner shows that reasonable jurists could debate whether the petition states a valid constitutional claim and whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) . "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

7

district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Court declines to issue a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that the habeas petition was filed outside of the one-year limitations period and equitable tolling is not warranted.

Although the Court denies a certificate of appealability, the Court concludes that an appeal could be taken in good faith. Smith therefore may proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a).

**IV.**

Accordingly, for the reasons set forth above, the Court **GRANTS** the motion to dismiss, ECF No. 8, and the petition is **DISMISSED WITH PREJUDICE**. The Court **DENIES** a certificate of appealability.

The Court **GRANTS** Smith leave to proceed on appeal *in forma pauperis* because an appeal could be taken in good faith. *See* Fed. R. App. P. 24(a).

IT IS SO ORDERED.

DATED: May 29, 2026

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

8